KAREN P. HEWITT
United States Attorney
CAROL M. LEE
Assistant U.S. Attorney
California Bar No. 219246
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-6235
Facsimile: (619) 557-5004
Email: carol.lee@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN J. RODRIGUEZ, JR.,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY,<br><br>        Defendant. | Case No. 07cv2269-W (RBB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**<br><br>DATE:    March 24, 2008<br>TIME:    10:00 a.m.<br>CTRM:   7<br>JUDGE:  Thomas J. Whelan<br><br>**NO ORAL ARGUMENT PURSUANT TO CIVIL LOCAL RULE 7.1(d)(1)** |

I.

INTRODUCTION

Plaintiff John J. Rodriguez, Jr. ("Plaintiff") filed this Complaint against Michael Chertoff, the Secretary of the Department of Homeland Security. Whether Mr. Chertoff is named in his official or personal capacity is unclear, but regardless this Complaint must be dismissed.

First, Plaintiff asserts that this action is brought pursuant to 42 U.S.C. § 1983. However, an action under Section 1983 lies only where the basis for the claim is conduct taken under color of state law. Here, the alleged actions on which the Complaint is based were taken by federal officials acting under federal authority. Thus, the Complaint fails to allege any facts that could support a claim under Section 1983.

///

Second, to the extent Mr. Chertoff is named in his official capacity this Court lacks jurisdiction over the subject matter of the claim. An action against a federal official acting in his official capacity is effectively an action against the federal sovereign. As such, this Court has jurisdiction only where the United States has waived its sovereign immunity such as under the Federal Tort Claims Act ("FTCA"). Here, to the extent Plaintiff seeks to re-style his claim as one brought under the FTCA, this Court lacks jurisdiction over his claim because Plaintiff did not first seek relief from the appropriate federal agency as required by the FTCA.

Finally, to the extent Mr. Chertoff is named in his personal capacity, the Complaint fails to allege any facts that would support Plaintiff's claim. No action is attributed to Mr. Chertoff – in fact his name appears only in the caption of the Complaint – and supervisory liability requires allegations of personal involvement or knowledge. Thus, the Complaint fails to state a claim against Mr. Chertoff in his personal capacity.

For all of these reasons, as set forth in more detail below, Defendant's motion to dismiss the Complaint must be granted.

## II.

## BACKGROUND

On December 3, 2007, Plaintiff filed the Complaint initiating this action through his counsel, Douglas E. Geyman. The only defendant named in the Complaint is Michael Chertoff, Secretary, Department of Homeland Security ("DHS"). Complaint at 1. The Complaint asserts that this action is brought "pursuant to the provisions of 42 U.S.C. 1983 [sic] to obtain such legal and equitable relief as will effectuate the purposes of the aforementioned statutes." Id. at ¶1.

According to the Complaint, Plaintiff "is, and at all times material to this Complaint was, a contracted employee of the United States Department of Homeland Security Immigration and Customs Enforcement ("ICE") through its contract with AKAL Security ("AKAL")." Id. at ¶4. Plaintiff alleges that he held the position of Security Custody Officer at the El Centro Processing Center from March 30, 1998 through December 6, 2006. Plaintiff alleges that he first became a Security Custody Officer for DHS, then on or about January 1, 2003, DHS contracted with AKAL and he remained in the same

///

1  position under the AKAL contract. Id. at ¶8. Plaintiff alleges that DHS and ICE controlled "all aspects
2  of the employment of Security Custody Officers provided by AKAL" including termination. Id. at ¶9.

3      On or about the morning of December 1, 2006, the Complaint alleges that Plaintiff was
4  "accosted" by two ICE agents and detained when he arrived for work at the El Centro Processing
5  Center. Id. at ¶10. While he was detained, the Complaint alleges that Plaintiff's personal belongings
6  and vehicle were searched "without probable cause." Id. According to the Complaint, the ICE agents
7  located "bottles of over the counter supplements which Plaintiff was not aware were still in [his] gym
8  bag." Id. at ¶11. The Complaint alleges that Plaintiff was "repeatedly questioned and accused of
9  intentionally bringing contraband into the El Centro Facility." Id. at ¶12.

10     According to the Complaint, Plaintiff was then "coerced into writing and signing a memo stating
11 what the Agents wanted to hear in order to escape their threats and harassment." Id. at ¶13. Plaintiff
12 alleges that by a letter dated December 4, 2007, "USDHS directed AKAL to immediately remove
13 Plaintiff from duty." Id. at ¶16. The Complaint alleges that "USDHS further advised AKAL that 'any
14 employee removed under ths contract cannot be employed on any other Immigration & Customs
15 Enforcement contract.'" Id. The Complaint does not identify who at DHS allegedly wrote this
16 December 4, 2007 letter. The Complaint further alleges that on December 4, 2007, Plaintiff was advised
17 that his security clearance had been revoked by DHS. Id. at ¶23.

18     On or about December 6, 2007, Plaintiff allegedly received a letter from Janet Gunn, the Human
19 Resources Director at AKAL, informing him that he was being removed from his position as a Security
20 Custody Officer at the direction of DHS and ICE. Id. ¶17. The Complaint alleges that Plaintiff
21 "believes and thereon alleges that his treatment by [DHS] as alleged herein was intentionally different
22 from others similarly-situated, and that there was no rational basis for the difference in treatment." Id.
23 at ¶24. The Complaint alleges that Plaintiff's treatment "was based in totally illegitimate animus toward
24 him," but does not identify the entity that allegedly harbored such "animus." Id. at ¶25.

25     Finally, the Complaint alleges that as a result of Plaintiff's unequal treatment by DHS, in
26 particular the revocation of his security clearance, Plaintiff is "unable to pursue his usual occupation."
27 Id. at ¶26. The Complaint seeks "all appropriate legal, equitable or declaratory relief" as well as
28 "attorneys fees and costs pursuant to 42 U.S.C. 1988." Id. at 5.

## III.

## ARGUMENT

A.   Standard of Review under Bell Atlantic

In ruling on a motion to dismiss, the allegations of the Complaint must be accepted as true, and a court is to give the plaintiff the benefit of reasonable inferences from "well-pleaded" allegations. Cruz v. Beto, 405 U.S. 319, 322 (1972); Retail Clerks Intern. Ass'n v. Schermerhorn, 373 U.S. 746, 754 (1963). However, the Supreme Court recently clarified that a complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) unless it provides "plausible grounds" for a legally cognizable right of action. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Bell Atlantic abandoned the familiar rubric of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), under which a complaint was deemed sufficient "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

A complaint must now include "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at 1965. In other words, to withstand a motion to dismiss, a complaint "'must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Armstrong v. Sexson, 2007 WL 2288297, *2 (E.D. Cal. August 8, 2007), quoting Bell Atlantic, 127 S.Ct. at 1965.

Here, Plaintiff's Complaint does not include factual allegations sufficient to support a right to relief at any level. The Complaint includes only vague allegations that Plaintiff was searched, "coerced" by two unidentified federal ICE agents into making a statement, and treated differently by DHS than those "similarly situated" without any rational basis for such disparate treatment. The Complaint does not, however, identify what portions of the Constitution have allegedly been violated, or by whom. Such vague allegations do not provide any plausible grounds for a legally cognizable right of action under the applicable standard set forth in Bell Atlantic.[1/] More specifically, as set forth below, Plaintiff

///

---

[1/]   Moreover, Plaintiff's Complaint fails to even setforth predicate allegations to establish that the alleged conduct of the ICE agents or DHS in searching, questioning, and contacting AKAL was a violation of the terms of his employment. Failure to plead these predicate facts is another deficiency of the Complaint.

has failed to state a claim under 42 U.S.C. § 1983, and has no right of action under any theory against Mr. Chertoff.

B. <u>The Complaint Fails to State a Claim Under Section 1983</u>

Plaintiff expressly asserts that his claim is asserted "pursuant to the provisions of" 42 U.S.C. §1983. Section 1983 provides as follows:

> Every person who, ***under color of any state ordinance, regulation, custom, or usage of a state or territory, or the District of Columbia***, subjects or causes to be subjected, any citizen fo the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983 (emphasis added). By its express language, claims under Section 1983 are limited to claims based on action taken under color of state law.

Accordingly, to state a claim under Section 1983 a plaintiff must allege a violation of a right secured by the constitution and laws of the United States, and show that the alleged deprivation was committed by a person acting under color of state law. The traditional definition of acting under color of state law requires that the defendant exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." <u>United States v. Classic</u>, 313 U.S. 299, 326 (1941); <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>see</u> <u>also</u> <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 149 (1970). As such, Section 1983 does not apply to federal officers or to conduct effectuated pursuant to federal authority. <u>District of Columbia v. Carter</u>, 409 U.S. 418, 424 (1973).

Plaintiff's Complaint alleges actions by two federal ICE agents in searching and detaining him, and by an unnamed federal DHS official who allegedly wrote a letter to AKAL demanding that Plaintiff be removed from his responsibilities at the El Centro facility. Based on these allegations, the alleged actors were federal agents and employees acting pursuant to federal authority. The Complaint does not allege any action by anyone acting under color of state law. Thus, the Complaint fails to state a claim under Section 1983 and must be dismissed.

///

///

C. <u>The Complaint Fails to State a Claim against Mr. Chertoff, Either in His Official Capacity or as An Individual</u>

The *only* defendant named in the Complaint is identified in the caption as "Michael Chertoff, Secretary, Department of Homeland Security." After this cameo appearance in the caption, Mr. Chertoff's name never appears again. Moreover, while the caption identifies Mr. Chertoff as the Secretary of DHS, the Complaint is silent as to whether Mr. Chertoff is named in his official capacity or as an individual.

    1. <u>This Court Lacks Jurisdiction Over a Claim Against Mr. Chertoff in His Official Capacity</u>

To the extent that the Complaint is construed to be against Mr. Chertoff in his official capacity, this Court lacks jurisdiction to hear Plaintiff's claim. A suit against a Government employee in the employee's official capacity "is essentially . . . against the United States." <u>Gilbert v. DeGrossa</u>, 756 F.2d 1455, 1458 (9th Cir. 1985). The United States, as sovereign, is immune from suit save as it consents to be sued. <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980); <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976); <u>Hill v. United States</u>, 571 F.2d 1098, 1101 (9th Cir. 1978). The only consent to sue the United States Government in tort is found in the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), 2671-80, which waives sovereign immunity for certain tort suits naming the United States (as opposed to federal agencies or officers). <u>See</u> <u>Allen v. Veterans Admin.</u>, 749 F.2d 1386, 1388 (9th Cir. 1984); <u>Warren v. U.S. Dept. of Interior Bur. of Land Man.</u>, 724 F.2d 776, 777 (9th Cir. 1984); <u>Caidin v. United States</u>, 564 F.2d 284, 286 (9th Cir. 1977). Thus, the FTCA is the sole statutory basis for filing a tort claim against the United States Government.

Plaintiff has not alleged that this action is brought under the FTCA. Moreover, even if Plaintiff had made such an allegation, this action cannot be brought under the FTCA. A jurisdictional prerequisite to suing the United States in tort is the filing of an administrative claim with the appropriate

///
///
///
///

federal agency, as required by 28 U.S.C. § 2675(a).[2/] Burns v. United States, 764 F.2d 722, 724 (9th Cir 1985); Avery v. United States, 680 F.2d 608, 609 (9th Cir. 1982). Plaintiff does not allege that he has filed an administrative claim with DHS or any other federal agency.

Furthermore, the United States is not subject to suit for constitutional violations under the FTCA. Correctional Services Corp. v. Malesko, 534 U.S. 61, 72 (2001); Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1984); Keene Corp. v. United States, 700 F.2d 836, 845 n.13 (2d Cir. 1983); Radin v. United States, 699 F.2d 681, 685 (4th Cir. 1983). Thus, to the extent that Plaintiff is asserting an alleged constitutional violation, he has no claim under the FTCA.

There is no theory that would support an FTCA claim in this case, and this Court lacks jurisdiction over a claim against Mr. Chertoff in his official capacity.

2.      The Complaint Fails to State a Claim Against Mr. Chertoff in his Personal Capacity

The Complaint does not contain any indication that Mr. Chertoff is being named in his personal capacity, but even if the Complaint is construed to be an action against Mr. Chertoff as an individual it fails to state a claim.

While an individual can be a named defendant in an action alleging a constitutional violation against a federal officer, a supervisor may not be held liable for a subordinate's constitutional wrong based on the doctrine of respondeat superior. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984). Thus, to state a claim for relief under a Bivens[3/] theory, supervisory liability must be established by proof that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045 (affirming summary judgment for defendant absent evidence

///

///

---

[2/]     28 U.S.C. § 2675(a) provides:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . . .

[3/]     Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

of personal participation, direction, or knowledge of the alleged misconduct); Price v. County of San Diego, 990 F. Supp. 1230, 1245 (S.D. Cal. 1998).

Here, the Complaint does not allege that Mr. Chertoff took or authorized any action relevant to Plaintiff's claim, nor even that Mr. Chertoff was aware that Plaintiff was employed by AKAL or worked at the El Centro facility under AKAL's contract with DHS.[4] Absent allegations that Mr. Chertoff personally participated in, directed, or knew of the alleged violations, the Complaint fails to state any claim for relief against him in his personal capacity and must be dismissed.

IV.

CONCLUSION

For the foregoing reasons, the Complaint should be dismissed.

DATED: February 11, 2008

KAREN P. HEWITT
United States Attorney

s/ Carol M. Lee

CAROL M. LEE
Assistant U.S. Attorney

Attorneys for Defendant
Michael Chertoff, Secretary,
Department of Homeland Security

---

[4] The United States may be held liable for the torts of its employees only, not the torts of independent contractors. See 28 U.S.C. § 1346(b)(1)(FTCA jurisdictional provision allowing suits against the United States for negligence of "any employee of the Government"); Logue v. United States, 412 U.S. 521, 528 (1973) (Congress "incorporated into the definitions of the [FTCA] the exemption from liability for injury caused by employees of a contractor"). Here, Plaintiff was a contracted employee of DHS through its contract with AKAL, an independent contractor.